**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA HOLMGREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 3005 |
| | ) | |
| NATIONS RECOVERY CENTER, | ) | Judge Manning |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, SANDRA HOLMGREN, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, NATIONS RECOVERY CENTER, and alleging as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

**JURISDICTION AND VENUE**

2.      Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

**PARTIES**

3.      Plaintiff, Sandra Holmgren, ("Plaintiff"), is an individual who was at all relevant times residing in the City of Lake Villa, State of Illinois.

4.      At all relevant times herein, Defendant, NATIONS RECOVERY CENTER, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed by Plaintiff.

1

278cf8b299effa79

5.    Defendant is a corporation that has its principal place of business and its offices located in the State of Ohio.

**ALLEGATIONS**
**COUNT I**
**VIOLATIONS OF THE FDCPA v. NATIONS RECOVERY CENTER**

6.    In April of 2008, Plaintiff began receiving telephone calls from a representative of Defendant attempting to collect a debt allegedly owed by Plaintiff.

7.    Defendant initially began contacting Plaintiff at her place of employment prior to 8:00 a.m.  Plaintiff demanded Defendant cease all contact with her at her office, as personal telephone calls were not permitted, however Defendant continued to contact Plaintiff despite her repeated request.

8.    In future conversations, Defendant told Plaintiff that if she failed to make payment on the debt in full, Defendant would garnish Plaintiff's wages and Defendant even asked to speak with Plaintiff's Human Resources Department.

9.    In an effort to collect the alleged debt, Defendant placed as many as twenty telephone calls to Plaintiff over the course of one month.

10.    In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a.    Communicated with the consumer at an unusual time or place known or which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

    b.    Communicated with the consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer

prohibits the consumer from receiving such communication in violation of 15 U.S.C. § 1692c(a)(3);

c.      Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. § 1692d(5);

d.      Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4); and

e.      Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

11.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SANDRA HOLMGREN, by and through her attorneys, respectfully prays for judgment as follows:

a.      All actual compensatory damages suffered;

b.      Statutory damages of $1,000.00 for Plaintiff;

c.      Plaintiff's attorneys' fees and costs;

d.      Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Respectfully Submitted,
**SANDRA HOLMGREN**


By:     s/Larry P. Smith
            Attorney for Plaintiff


Larry P. Smith
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph.     (312) 222-9028
Fax     (312) 602-3911
e-mail   lsmith@lpsmithlaw.com

4